UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

[Filed Electronically]

| | |
|---|---|
| JULIE HELPHENSTINE, Administratrix of the Estate of Christopher Dale Helphenstine, deceased, and as Guardian of B.D.H., the minor son of Mr. Helphenstine, | ) ) ) ) ) |
| PLAINTIFF | ) ) |
| v. | ) ) |
| LEWIS COUNTY, KENTUCKY<br>Serve: Anthony T. Ruckel<br>    County Judge-Executive<br>    112 Second Street, Room 201<br>    Vanceburg, KY 41179 | ) ) ) ) ) ) |
| -and- | ) ) |
| JEFF LYKINS, Individually<br>Serve: Lewis County Detention Center<br>    26 Railroad Avenue<br>    Vanceburg, KY 41179 | ) ) ) ) ) |
| -and- | ) ) |
| ANTHONY RUARK, ANDY LUCAS, BEN CARVER, AMANDA McGINNIS, SANDY BLOOMFIELD, MARK RILEY, MELINDA MONROE, and JEFFERY THOROUGHMAN, All Individually<br>Serve: Lewis County Detention Center<br>    26 Railroad Avenue<br>    Vanceburg, KY 41179 | ) ) ) ) ) ) ) ) |
| -and- | ) ) |
| TOMMY VON LUHURTE, DO, individually<br>Serve: Bel Air Clinic<br>    62 Bel Air Drive<br>    Vanceburg, KY 41179 | ) ) ) ) |

```
-and-                                          )
                                               )
JOHNNY BIVENS, individually                    )
Serve: Office of the Sheriff                   )
       112 Second Street, Room 102             )
       Vanceburg, KY 41179                     )
                                               )
-and-                                          )
                                               )
JOHN BYARD, individually                       )
Serve: Lewis County Sheriff's Department       )
       112 Second Street, Room 102             )
       Vanceburg, KY 41179                     )
                                               )
            DEFENDANTS.                        )
```

# COMPLAINT

### I. Introduction

1. Plaintiff Julie Helphenstine is the wife and Administratrix of the Estate of Christopher Dale Helphenstine, deceased, and the Guardian of their minor son, B.D.H. As more specifically set forth below, Mr. Helphenstine was subjected to Defendants' neglect of and deliberate indifference to his serious and obvious medical needs and, as a consequence, died. It is the purpose of this action to recover the actual damages Mr. Helphenstine's estate and minor son have suffered as a result of Defendants' misconduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

### II. Jurisdiction and Venue

2. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed her husband by the Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§1331 and 1343. Plaintiff also seeks to recover damages under the supplemental

jurisdiction of this Court on her state claims of negligence, gross negligence, and wrongful death. Lewis County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

### III.  Parties

3. Plaintiff was appointed Administratrix of her husband's estate by order of the Lewis District Court entered May 22, 2018, and was appointed Guardian of B.D.H. by order of the Lewis District Court entered July 31, 2018.

4. Defendant Lewis County, Kentucky, at all times mentioned herein, was charged by Kentucky Revised Statutes ("KRS") 441.025 with meeting the medical needs of inmates in the Lewis County Detention Center ("the Jail") in accordance with the requirements of Kentucky Administrative Regulations 3:090, and employed, was responsible for the establishment of policies either formally or by custom and practice for, and was responsible for the employment, training, supervision and conduct of, the officers, employees and medical professionals at the Jail.

5. Defendant Lykins was at all times mentioned herein the elected Jailer of Lewis County, is statutorily responsible for the humane treatment of inmates in the Jail pursuant to KRS 71.040, and established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers, employees and medical professionals at the Jail.

6. Defendants Ruark, Lucas, Carver, McGinnis, Bloomfield, Riley, Monroe and Thoroughman were at all times mentioned herein deputy jailers at the Jail, were responsible for attending to the medical needs of inmates in the Jail, knew of Mr. Helphenstine's obviously serious medical condition, and responded with deliberate indifference and/or neglect/gross neglect as described below.

7. Defendant Von Luhurte is an osteopath and was at all times mentioned herein the "Facility Physician" of the Jail, knew of Mr. Helphenstine's obviously serious medical condition, and responded with deliberate indifference and/or neglect/gross neglect as described below.

8. Defendant Bivens was at all times mentioned herein the elected Sheriff of Lewis County, and established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers, and employees of the Lewis County Sheriff's Department.

9. Defendant Byard was at all times mentioned herein a deputy sheriff of Lewis County, knew of Mr. Helphenstine's obviously serious medical condition, and responded with deliberate indifference and/or neglect/gross neglect as described below.

## V. Nature of Defendants' Conduct

10. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Lewis County. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below. The offenses described below resulted from the failure of the supervisory Defendants – Lewis County, Lykins and Bivens -- to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate and/or enforce appropriate operating policies and procedures either formally or by custom and practice to protect the constitutional rights of inmates like Mr. Helphenstine. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Mr. Helphenstine and a total, deliberate and reckless disregard for and indifference to his life and his

constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages his estate and minor son are entitled to recover.

## V. Facts

11. Mr. Helphenstine was 40 years old when he entered the Jail the afternoon of April 14, 2017, after his arrest on a drug charge. The evening of April 16, he began vomiting and was moved to the Jail's detox cell where he should have been observed at least every 20 minutes.

12. Over the course of the next two days, Mr. Helphenstine's withdrawal symptoms rapidly increased in severity, and his condition deteriorated correspondingly. He vomited repeatedly and was unable to hold down any food or water. He began experiencing uncontrollable diarrhea, and weakened to the point that he was no longer able to avoid soiling himself or his bedding. Defendants Lykins, Ruark, Lucas, Carver, McGinnis, Bloomfield, Riley, Monroe and Thoroughman were all aware that Mr. Helphenstine was experiencing the medical emergency of alcohol and/or drug withdrawal, day after day, and that his condition was seriously deteriorating.

13. Defendant Von Luhurte was not contacted about Mr. Helphenstine's condition until the morning of April 18. A medical request that morning indicates that Mr. Helphenstine was vomiting badly and soiling himself, had not been able to eat or drink "for a few days now," and had not gotten out of his bed for 24 hours. Von Luhurte neither travelled to the Jail to see and examine Mr. Helphenstine, nor ordered that he be taken to the Hospital. Instead, he merely faxed orders for medication based upon what he was told by staff at the Jail.

14. Mr. Helphenstine's April 18 arraignment hearing had to be cancelled because of the severity of his withdrawal symptoms. According to Defendant Byard, who escorted Mr. Helphenstine to the Courthouse, Mr. Helphenstine had to be led to the Courthouse and told which direction to turn, was unable to negotiate corners or process directions, and was drooling.

15. In video taken in the early morning hours of April 19, deputy jailers can be seen trying to get liquids into Mr. Helphenstine's mouth. Around 3:30 am, Mr. Helphenstine was found unresponsive in his cell with his lips blue. When EMS arrived, they found Mr. Helphenstine drenched in sweat. Jailer Lykins represented to them that Mr. Helphenstine had last been seen alive 30 minutes prior to EMS's arrival. Mr. Helphenstine was pronounced dead on the way to the Hospital.

16. In an Extraordinary Occurrence Report of Mr. Helphenstine's death, Defendant Lykins stated: "I think our staff done (sic) an excellent job responding to the situation."

## VI. Causes of Action

### Count I (Against All Defendants)

23. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Mr. Helphenstine's life as well as his rights and the risk of harm to his occasioned by such conduct.

24. Plaintiff believes and, after reasonable discovery, will show that Mr. Helphenstine's treatment by Defendants was the result of customs and practices of Defendants in their treatment of inmates experiencing drug and/or alcohol withdrawal that are contrary to or expressly violated written policies of the Jail, and that such customs and practices were the "moving force" behind Mr. Helphenstine's death. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of inmates at the Jail, including Mr. Helphenstine, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

25. As a result of the foregoing, Mr. Helphenstine, through Defendants' deliberate indifference and grossly negligent -- if not reckless, intentional and/or malicious -- conduct, was subjected to cruel and unusual punishment, deprived of his life, and denied due process of law in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### Count II (Against All Defendants Except Lewis County)

26. By virtue of the foregoing, all individual Defendants were negligent and grossly negligent, and Defendant Von Luhurte additionally failed to satisfy the applicable standard of care.

### VII. Damages

28. Mr. Helphenstine's death was unnecessary and preventable, and his estate is therefore entitled to recover the income and earnings he would have enjoyed had he lived. Mr. Helphenstine also experienced wanton and unnecessary mental and physical pain and suffering as a result of Defendants' conduct, for which his estate is entitled to recover damages. Mr. Helphenstine's minor son is entitled to recover the damages he has sustained as a consequence of being deprived of Mr. Helphenstine's love, support, and companionship. Plaintiff is entitled to recover all expenses incurred in the funeral and burial of Mr. Helphenstine, and Defendants should be required to pay any expenses incurred in the futile effort to save his life pursuant to the duties imposed by KRS 441.045(3). Finally, Defendants' violations of Mr. Helphenstine's constitutional and common law rights were cruel, willful, malicious, negligent and/or grossly negligent, and evinced a total and reckless disregard for his life and those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury, that Defendants be required to pay all damages specified above, Plaintiff's attorneys' fees and costs, pre- and post-judgment interest on

all sums awarded and all other relief to which Plaintiff, Mr. Helphenstine's estate and/or his minor son are entitled under law or in equity.

                Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley@aol.com
Camille A. Bathurst
camillebathurst@aol.com
BelzleyBathurst Attorneys
P.O. Box 278
Prospect, KY  40059
(502) 292-2452

James L. Thomerson
Rose Grasch Camenisch Mains PLLC
326 South Broadway
Lexington, KY  40508-2592
Phone: (859) 721-2100
Fax: (859) 523-3857
jim.thomerson@rgcmlaw.com

**Counsel for Plaintiff**