UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND
CASE NO. 0:18-CV-00093-HRW

JULIE HELPHENSTINE, Administratrix of
the Estate of Christopher Dale Helphenstine,
deceased, and as Guardian of B.D.H.,
minor son of Mr. Helphenstine                                        **PLAINTIFF**

v.

**LEWIS COUNTY, KENTUCKY,** *et al.*                                                  **DEFENDANTS**

**ANSWER OF DEFENDANTS, LEWIS COUNTY, KENTUCKY; JEFF LYKINS, INDIVIDUALLY; BEN CARVER, INDIVIDUALLY; ANTHONY RUARK, INDIVIDUALLY; SANDY BLOOMFIELD, INDIVIDUALLY; JEFFREY THOROUGHMAN, INDIVIDUALLY; ANDY LUCAS, INDIVIDUALLY; MARK RILEY, INDIVIDUALLY; JOHNNY BIVENS, INDIVIDUALLY; and, JOHN BYARD, INDIVIDUALLY**

The Defendants, Lewis County, Kentucky; Jeff Lykins, individually; Ben Carver, individually; Anthony Ruark, individually; Sandy Bloomfield, individually; Jeffrey Thoroughman, individually; Andy Lucas, individually; Mark Riley, individually; Johnny Bivens, individually; and, John Byard, individually, by and through counsel, for their Answer to the Complaint, state as follows:

1. Defendants deny so much of paragraph 1 of the Complaint that avers that Plaintiff is the wife and Administratrix of the Estate of Christopher Dale Helphenstine and Guardian of their minor son, B.D.H., for lack of information or knowledge sufficient to form a belief as to their truth or falsity, and deny all remaining averments therein.

2. The averments in paragraph 2 of the Complaint call for a conclusion of law which the Defendants are not required to make and accordingly, no response is required.

3. Defendants deny the averments in paragraph 3 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity, but acknowledge all matters of public record filed with the Lewis District Court.

4. So much of paragraph 4 of the Complaint that cites KRS 441.025 and KR3:090 requires no response since the statute and regulation speak for themselves, and the remaining averments call for a conclusion of law which the Defendants are not required to make.

5. Defendants admit so much of paragraph 5 of the Complaint that avers that Jeff Lykins was and is the elected Jailer of Lewis County and that he employs, trains and supervises employees of the Lewis County Detention Center; affirmatively state that KRS 71.040, as cited in the Complaint, speaks for itself and requires no further response by Defendants; and, deny all remaining averments therein.

6. Defendants admit so much of paragraph 6 of the Complaint that avers that Defendants, Anthony Ruark, Andy Lucas, Ben Carver, Amanda McGinnis, Sandy Bloomfield, Mark Riley, Melinda Monroe, and Jeffrey Thoroughman were employed at the Lewis County Detention Center, but deny all remaining averments therein.

7. Defendants admit so much of paragraph 7 of the Complaint that avers that Dr. Tommy Von Luhurte was the physician at the Lewis County Detention Center, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

8. Defendants admit so much of paragraph 8 of the Complaint that avers that Johnny Bevins was the elected Sheriff of Lewis County and that he employed, trained and

supervised deputies within the Lewis County Sheriff's Department, but deny all remaining averments therein.

9. Defendants admit so much of paragraph 9 of the Complaint that avers that John Byard was a Deputy Sheriff employed in the Lewis County Sheriff's Department, but deny all remaining averments therein.

10. Defendants deny the averments in paragraph 10 of the Complaint.

11. Defendants admit so much of paragraph 11 of the Complaint that avers that Helphenstine was 40 years old when he was booked into the Lewis County Detention Center on a drug charge on April 14, 2017 and that he was moved to a separate medical cell on April 16, 2017, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12. Defendants deny the averments in paragraph 12 of the Complaint.

13. Defendants admit so much of paragraph 13 of the Complaint that avers that Dr. Von Luhurte was contacted on April 18, 2017 regarding Helphenstine's condition, that he provided orders for medication to be provided to Helphenstine which jail staff administered, affirmatively state that the medical request speaks for itself and requires no further response by Defendants, and deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

14. Defendants admit so much of paragraph 14 of the Complaint that avers that Helphenstine's arraignment on April 18, 2017 was cancelled but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

15. The video footage referenced in paragraph 15 of the Complaint speaks for itself and requires no further response by the Defendants, but Defendants admit that EMS was called and arrived at the Lewis County Detention Center to transport Helphenstine to the hospital, and Defendants deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

16. The extraordinary occurrence report referenced in paragraph 16 of the Complaint speaks for itself and requires no further response by the Defendants.

17. Paragraphs 17 – 22 were omitted from the Complaint.

23. Defendants deny the averments in paragraph 23 of the Complaint.

24. Defendants deny the averments in paragraph 24 of the Complaint.

25. Defendants deny the averments in paragraph 25 of the Complaint.

26. Defendants deny the averments in paragraph 26 of the Complaint.

27. Paragraph 27 was omitted from the Complaint.

28. Defendants deny the averments in paragraph 28 of the Complaint.

**FIRST DEFENSE**

1. The Complaint fails to allege facts sufficient to state a claim or cause of action against Defendants upon which relief may be granted.

**SECOND DEFENSE**

2. All Defendants sued in their individual capacity are entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

**THIRD DEFENSE**

3. All Defendants sued in their individual capacity are entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

**FOURTH DEFENSE**

4. Lewis County is entitled to sovereign immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in the Complaint.

**FIFTH DEFENSE**

5. Any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were due and caused solely by the actions or failure to act of Christopher Dale Helphenstine.

**SIXTH DEFENSE**

6. Alternatively, any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were directly and proximately caused by the actions, conduct or failure to act of persons other than the Defendants and for whom the Defendants are neither liable nor responsible to the Plaintiff.

**SEVENTH DEFENSE**

7. Alternatively, any losses, injuries or damages claimed or alleged by the Plaintiff in the Complaint were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes for which Defendants bear no liability nor responsibility.

**EIGHTH DEFENSE**

8. At all times referenced in the Complaint, the actions of the Defendants were, in all respects, reasonable, proper, justified, legal and undertaken without any wrongful intent, impact or effect.

**NINTH DEFENSE**

9. Defendants assert all defenses in the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. as a bar to Plaintiff's claims.

**TENTH DEFENSE**

10. Some or all of Plaintiff's claims are time barred by the governing statute of limitations and/or the doctrine of laches.

**ELEVENTH DEFENSE**

11. At all times mentioned in the Complaint, Defendants acted in good faith, without malice, and within the scope of their respective duties as Lewis County Detention Center deputies and/or Lewis County Sheriff's Department deputies.

**TWELFTH DEFENSE**

12. Defendants affirmatively plead and rely upon all defenses in the Claims Against Local Government Act, KRS 65.2000 *et seq.* as a bar to Plaintiff's claims.

**THIRTEENTH DEFENSE**

13. Plaintiff is estopped and/or has waived her right to assert some or all of the claims asserted in the Complaint.

**FOURTEENTH DEFENSE**

14. The imposition of punitive damages against Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments

and the excessive fines clause of the Eighth Amendment to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

## FIFTEENTH DEFENSE

15. Defendants assert all affirmative defenses in Civil Rule 8(c)(1) that are, or may hereafter be determined to be, applicable to this action as a bar to Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, Lewis County, Kentucky; Jeff Lykins, individually; Ben Carver, individually; Anthony Ruark, individually; Sandy Bloomfield, individually; Jeffrey Thoroughman, individually; Johnny Bivens, individually; and, John Byard, individually, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for trial by jury, for an award of attorney fees incurred in defending this action, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200
859.392.7263 – Fax
jmando@aswdlaw.com

*Attorneys for Defendants, Lewis County, Kentucky; Jeff Lykins, individually; Ben Carver, individually; Anthony Ruark, individually; Sandy Bloomfield, individually; Jeffrey Thoroughman, individually; Andy Lucas, individually; Mark Riley, individually; Johnny Bivens, individually; and, John Byard, individually*

## **CERTIFICATE OF SERVICE**

This is to certify that on this **13th** day of December, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Gregory A. Belzley, Esq. and James L. Thomerson, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.